## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., | |
| Plaintiff, | |
| v. | **Case No. 1:15-CV-2747 (ER)** |
| DOES 1-5 d/b/a www.scholarstock.com, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff Pearson Education, Inc. ("Pearson"), for its Complaint against defendants Does 1-5 d/b/a www.scholarstock.com, alleges as follows:

### INTRODUCTION

1.      Pearson is one of the largest higher education publishing companies in the United States.  It is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage.  With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.  Each year, it publishes thousands of educational works, including college textbooks and corresponding instructor solutions manuals and test banks.

2.      Defendants are scofflaws.  They knowingly and intentionally engage in a blatantly illegal online business that is built solely upon copyright infringement and unauthorized sales of proprietary materials.  Defendants' brazen scheme is devoted to making wholesale electronic copies of Pearson's instructor solutions manuals and test banks and then selling them to students.  Defendants' infringing activities cause irreparable harm to Pearson

and the integrity of the academic process.

## JURISDICTION AND VENUE

3.      This is a civil action seeking injunctive relief and damages.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).  This is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

4.      Personal jurisdiction in this district is proper, pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants (a) have committed acts of copyright infringement within this State and in this District, and (b) have committed acts of copyright infringement outside the State, which caused injury to Pearson within the State, and Defendants expected or should reasonably have expected such acts to have consequences in this State, and Defendants derive substantial revenue from interstate or international commerce.  In the alternative, personal jurisdiction in this District is proper pursuant to the federal long-arm statute, Fed. R. Civ. P. 4(k)(2).

5.      Venue is proper in this district under 28 U.S.C. § 1400(a) or 28 U.S.C. §§ 1391(b).

## PARTIES

6.      Plaintiff Pearson is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, NY 10013.

7.      Defendants Does 1-5 are fictitious names for certain individuals or entities whose true identities and locations are not currently known to Pearson.  Defendants own, control, and are doing business as and through the website located at www.scholarstock.com, which Defendants have used and continue to use in furtherance of the unlawful conduct alleged herein.  Defendants own or control multiple email addresses ("Defendants' Email Addresses"), including but not limited to support@scholarstock.com and payment@scholaranswer.com, which Defendants have used and continue to use in furtherance of the unlawful conduct alleged herein.  Once Pearson obtains information as to Defendants' true identities, Pearson will amend the Complaint to include such individuals or entities as named defendants.

2

## PLAINTIFF'S BUSINESSES

8.     Pearson develops, markets, distributes, licenses, and sells a comprehensive range of traditional and digital educational content and tools to professionals and students.  In particular, Pearson is one of the largest and most successful textbook publishers in the United States and throughout the world.  Pearson's textbooks, which it sells to students and others, are among the most popular and widely used titles in their fields.

9.     Pearson also publishes instructor solutions manuals and test banks, which are important supplemental materials to textbooks.  Instructor solutions manuals are guides that provide answers and solutions to questions contained within the textbook.  Test banks are sets of questions, and, in some instances, corresponding answers, to be used only by the professor who assigned the textbook for his or her course.  Professors and instructors use these supplemental materials to create lesson plans, homework assignments, and exams, and for grading purposes. When students obtain unauthorized access to these materials, however, the integrity of the educational process is compromised.  In addition, the value of the supplemental materials (and, as a result, the textbook adoption itself) is compromised if such supplemental materials are freely or widely available.  Accordingly, to preserve their pedagogical value, these supplemental materials are not generally distributed to the public.  Rather, they are provided to professors and instructors on a limited and restricted basis.

10.     As a standard practice, Pearson requires its authors of textbooks and corresponding instructor solutions manuals and test banks to assign the copyrights to it or grant it the exclusive rights of reproduction and distribution in the United States. Attached hereto as Exhibit A and incorporated by reference is a partial list Pearson's copyrighted works.  Pearson owns or controls the copyright in each of the works or derivative works listed on Exhibit A, among others (hereinafter "Pearson's Works").  Pearson has the exclusive right to reproduce and distribute Pearson's Works.  Pearson or its predecessors or affiliates have duly registered their respective copyrights in Pearson's Works as set forth on Exhibit A.

11.     Instructor solutions manuals contain significant protected expression from the

3

textbook.  In some instances, instructor solutions manuals, repeat the original questions or other original content verbatim from the textbook.  But even without such word-for-word copying, instructor solutions manuals are based upon, and necessarily copy from, the original questions and other protected expression from the textbook.  For instance, the answers in the solutions manual necessarily copy various creative decisions of the textbook author, including but not limited to:  (a) what knowledge or skills to test versus not test, and to what degree to test; (b) what examples, fact patterns, and hypotheticals to use to test and reinforce the material that the author chose to include in the book; and (c) the relationship and progression among the questions in the book and to the material the author chose to include in the book versus omit. Notably, instructor solutions manuals are specific to a given textbook.  Even where Pearson has multiple textbooks within a single field of study, it has a separate solutions manual per textbook that is unique to that particular book.  It is tailored to the pedagogical approach, including questions, of that particular book.  If instructor solutions manuals did not need to so closely track the protected expression in the underlying textbook, they could be interchangeable across textbooks, which they are not.

12. Instructor solutions manuals and test banks contain additional protected expression beyond what is in the textbook.  Just in the way that myriad creative efforts go into creating or selecting questions, whether for inclusion in the textbook or its corresponding test bank, similar protected expression goes into the answers and solutions in the instructor solutions manuals and test banks.  Countless decisions are made concerning answer choices, wording, examples, approach, depth, and other substantive details.

13. Pearson invests significant monies to publish its copyrighted works.  Pearson makes substantial investments, for example, in content creation and in promotion of its copyrighted works.  Pearson would suffer serious financial injury if its copyrights were not enforced.  A substantial decline in their income from its textbooks could cause Pearson to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

4

## DEFENDANTS' UNLAWFUL ACTIVITIES

14.     Defendants own, control, and operate the website located at www.scholarstock.com, the sole object of which is to make money from infringement and cheating.  Specifically, Defendants create and store unauthorized digital copies of solutions manuals and test banks, including, but not limited to, Pearson's Works listed on Exhibit A. Through their highly interactive website, upon payment of a fee from their customers, Defendants then distribute copies to the public in violation of Pearson's copyrights listed on Exhibit A, including to students and other individuals located in this District.

15.     At www.scholarstock.com, purchasers or prospective purchasers can scroll through or search for listings of the unauthorized digital copies of Pearson's solutions manuals and test banks that Defendants have made and maintain on computers they own or control. Visitors can interact with the site, view information on the massive catalogue of items available for purchase, and then move forward with the transaction.  Visitors can search by keyword, such as title, author, or International Standard Book Number ("ISBN").  Alternatively, a user can also browse titles by subject matter.  At the touch of a few keystrokes, armed with a credit card or other means of online payment, such as a PayPal account, a user can purchase and download unauthorized copies of Pearson's solutions manuals and test banks.

16.     In describing the products they sell, Defendants explain that a "solutions manual" is "the guide or answers to the end of chapter questions and activities from the textbook" and a "test bank is a collection of tests, quizzes and exams based on the book." Defendants' catalogue contains thousands of unauthorized digital copies of Pearson's instructor solutions manuals and test banks, which Defendants have copied onto computers they own or control.  Defendants supply their customers with digital files, rather than anything in physical format.

17.     Pearson has made test purchases from Defendants.  Such purchases confirm that, as Defendants advertise on their website, they provide customers with complete, unauthorized digital copies of Pearson's instructor solutions manuals and test banks.

18.     Defendants' website, which is located at www.scholarstock.com, receives
thousands of unique visitors per month from customers and prospective customers located
throughout the United States, including this District, as well as abroad.  A very substantial
portion of the purchasers of unauthorized digital copies of Pearson's solutions manuals and test
banks on Defendants' website are located in the United States.  Indeed, one report indicates that
over 68% of the web traffic to www.scholarstock.com comes from visitors within the United
States.

19.     Defendants conduct their business by email and over the Internet, making
concerted efforts to conceal their true names and physical locations, such as by not putting any
real names or physical addresses on their websites.  In connection with their infringing
activities, however, Defendants utilize the services of a number of companies in the United
States.  While pirates such as Defendants are notorious for and adept at hiding their identities
and locations, along with making changes to their infrastructure to avoid being shutdown,
Defendants currently utilize the services of the following companies in the United States: (a)
domain name registration services via Big Rock Solutions Ltd.; (b) web hosting services via
Big Rock Solutions Ltd.; (c) payment processing services through PayPal as well as major
U.S.-based credit card companies; and (d) promotional services via Facebook and Twitter.  The
foregoing is a non-exhaustive list.

20.     Defendants' reproduction and distribution of Pearson's valuable copyrighted
works takes place without authorization and without compensation to Pearson, its authors, and
others in the legitimate chain of commerce.  On the contrary, Defendants' actions described
herein benefit Defendants' alone, for their commercial purposes and gain, without any changes
to Pearson's copyrighted works (useful or otherwise).  As a result of Defendants' actions,
wholesale, unauthorized copies of Pearson's solutions manuals and test banks are distributed
with no way to prevent their viral downstream dissemination.  Such infringing activity steals
the fruits of Pearson's and its authors' creative efforts and monetary investments and
diminishes interest among teaching professionals to use the associated textbooks for their

classes.  Moreover, Defendants' sales corrupt the educational process by facilitating cheating.

21.     Defendants are well aware of the enormous infringement and cheating that they cause.  Defendants knowingly and intentionally designed, built, and operate a business devoted to selling copies of Pearson's proprietary works.  Defendants have done so, and continue to do so, with the full awareness that they have not been granted any license, permission, authorization, or consent to copy or distribute such works.  In fact, Defendants' website displays free samples for download, some of which on their very face contain Pearson's copyright notices.  Defendants have harmed Pearson in this District and are aware that they have caused Pearson to suffer harm in this District.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement

22.     Pearson re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21 as though fully set forth herein.

23.     Pearson's Works, which are listed in Exhibit A, constitute original works and copyrightable subject matter pursuant to the Copyright Act, and are protected by United States Certificates of Copyright Registration duly registered with the United States Copyright Office. At all relevant times, Pearson has been and still is the owner or exclusive licensee of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed or otherwise transferred to any of the Defendants.  The test banks listed on Exhibit A, along with at least one of the instructor solutions manuals listed on Exhibit A, have been independently registered with the Copyright Office and thus have their own United States Certificates of Copyright Registration.  Any instructor solutions manuals listed on Exhibit A that have not been independently registered repeat the original questions or other original content verbatim from the textbook and thus are derivative works of the underlying textbook. In each such instance, Pearson relies upon its copyright registration for the underlying textbook.

24.     Defendants, without the permission or consent of Pearson, have reproduced and

distributed to the public unauthorized copies of Pearson's Works listed in Exhibit A hereto. Such reproduction and distribution of Pearson's solutions manuals and test banks constitutes infringement of Pearson's exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1), 106(3), and 501.  In addition, Defendants, without the permission or consent of Pearson, have knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction and distribution of Pearson's Works listed in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities.  Defendants are directly and secondarily liable for infringement under the Copyright Act.

25.     Each of the Defendants directly and individually performed the acts alleged herein, as well as did so jointly and in concert with one another, or as an agent, principal, alter ego, employee, representative of the other.  Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Pearson has suffered.

26.     The infringement of Pearson's rights in each of its respective copyrighted works constitutes a separate and distinct act of infringement.

27.     Defendants' unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Pearson.

28.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Pearson has been, and will continue to be, irreparably damaged, for which Pearson has no remedy at law.  Unless this Court restrains Defendants from continuing their infringement of Pearson's copyrights, these injuries will continue to occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Pearson prays for judgment from this Court against Defendants as follows:

a.   For a declaration that Defendants willfully infringed Pearson's copyrights;

b.   For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority

as is necessary to prevent or restrain infringement of Pearson's copyrights, including preliminarily and permanent injunctive relief, requiring Defendants, and their agents, servants, employees, and attorneys and all those acting in concert with each or any of them, (i) not to infringe Pearson's copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created, and (ii) to cease use of and surrender to Pearson the scholarstock.com domain name, along with any successor or replacement domain names, unless and until Defendants have satisfied the Court that they have completely and permanently ceased to infringe Pearson's copyrights;

c.  For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Pearson's rights under the Copyright Act or, in the alternative, at Pearson's election pursuant to 17 U.S.C. § 504(b), Pearson's actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

d.  Pursuant to 17 U.S.C. § 503, requiring Defendants to deliver up for destruction or other reasonable disposition all copies made or used in violation of Pearson's exclusive rights;

e.  Pursuant to 17 U.S.C. § 505, awarding Pearson its costs in this action, including its reasonable attorneys' fees;

f.  For pre-judgment interest and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

g.  For such other and further relief the Court deems proper.

### JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Pearson hereby demands a trial by jury of all issues that are so triable.

Dated: April __, 2015

By: _____

Matthew J. Oppenheim
Scott A. Zebrak (*pro hac vice* to be filed)
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel: 202-621-9027
matt@oandzlaw.com
scott@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*